Filed 3/2/15  P. v. Williams CA2/7
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B257804 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA237575) |
| v. | |
| CLIFFORD CEDRIC WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Norm Shapiro, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Clifford Cedric Williams was convicted in 2003 after a jury trial of furnishing a controlled substance to a minor with special findings, following a bifurcated court trial, that he had suffered four prior serious felony convictions within the meaning of the three strikes law. The trial court sentenced Williams to an aggregate indeterminate state prison term of 35 years to life. We affirmed the judgment in 2004. (*People v. Williams* (Feb. 19, 2004, B168799) [nonpub. opn].)

On July 8, 2014 the trial court denied with prejudice Williams's petition for recall of sentence pursuant to Penal Code section 1170.126 on the ground Williams is ineligible for resentencing. (Pen. Code, § 1170.126, subd. (f).) Williams appealed.

We appointed counsel to represent Williams on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On December 1, 2014 we advised Williams he had 30 days within which to personally submit any contentions or issues he wished us to consider. On December 5, 2014 we received a seven page hand-printed response in which Williams asserted, with no analysis, his constitutional rights to equal protection and due process were violated by retroactive application of changes in the state's indeterminate sentencing scheme.[1] Williams does not dispute his 1985 conviction for rape (Pen. Code, § 261, subd. (a)), alleged and proved in this case, made him statutorily ineligible for resentencing. (See Pen. Code, §§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv); Welf. & Inst. Code, § 6600, subd. (b).)

We have examined the record and are satisfied Williams's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[1] Williams also asserted there was insufficient evidence, independent of his out-of-court statements, to establish the corpus delicti of the offense, the same claim we resolved against him in his prior appeal.

**DISPOSITION**

The order denying the petition for recall of sentence is affirmed.


PERLUSS, P. J.

We concur:


ZELON, J.


FEUER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.